## DEAN v. STATE.

### Opinion delivered July 9, 1917.

1. LIQUOR—ILLEGAL SALE—ALLEGATION AS TO PURCHASER.—The State is not required to allege in the indictment the name of the person to whom the sale was made.

2. LIQUOR—ILLEGAL SALE—PROOF OF MORE THAN ONE SALE.—Each separate sale of liquor constitutes a separate offense, and the State may offer proof of more than one sale to secure a single conviction. *Semble*, the effect of offering such proof is a bar to a subsequent prosecution for the making of any of the sales offered in proof upon which the State relied to secure a conviction.

3. WITNESSES—IMPEACHMENT.—The veracity of a witness can be impeached only by proof of his general reputation.

4. LIQUOR—ILLEGAL SALE—SUFFICIENCY OF THE EVIDENCE.—A conviction for the illegal sale of liquor *held* warranted by the proof.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*G. C. & Joe Hardin*, and *Ben Cravens*, for appellant.

1. It was error to admit the testimony of Joe Limberg; also to refuse evidence tending to impeach him as a witness.

2. The statement of the court in reference to the evidence of Watrous, was prejudicial and an error. Watrous' testimony as to the raid and finding whiskey in somebody else's room was prejudicial error.

3. It was error to refuse to permit Julius Richmond's testimony.

4. Proof of the commission of other crimes is not admissible. 92 Ark. 555; 84 *Id.* 16. The instructions are erroneous.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Evidence of other crimes is admissible where the question of motive or intent is involved. *Mason* v. *State,* 127 Ark. 299; 72 Ark. 419; 48 *Id.* 34; 43 *Id.* 68; 72 *Id.* 586; 75 *Id.* 427.

2. The question asked the witnesses to impeach Joe Limberg were not in proper form. Kirby's Digest, § 3138; 59 Ark. 50.

3. Watrous' testimony was admissible as a circumstance to show guilt. *Springer* v. *State,* 129 Ark. 107. The remarks of the court were not prejudicial. The method attempted to impeach Joe Limberg is not tolerated by the law. 67 Ark. 117.

4. Instruction No. 7, given correctly, states the law. 105 Ark. 462; *Williams* v. *State,* 129 Ark. 348.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below sentencing him to the penitentiary for the period of one year for an alleged illegal sale of intoxicating liquor. Appellant was twice indicted, the cases against him being numbered, respectively, 5756 and 5757, and the name of George Whybark was endorsed upon the back of the first indictment as the witness for the State, and the name of Joe Limberg was endorsed on the back of the second indictment as the

State's witness. Appellant was tried upon the indictment upon which the name of Whybark was endorsed as a witness, but, at the trial, both Whybark and Limberg were permitted to testify in regard to a sale made to each of them at a different time and place. This action of the court in permitting evidence of a sale to Limberg to be introduced is assigned as error.

The evidence of the witness Limberg was especially damaging; but there was evidence tending to impeach his veracity. It was shown that he was himself a bootlegger, and had committed numerous violations of the law. Impeaching witnesses were asked, "I will ask you, from what you know of him, and from his general reputation in this community, if you would believe him on oath?" The court held this opinion should be predicated upon the general reputation of Limberg, and not upon the personal knowledge of the impeaching witness, and this ruling is assigned as error.

The court permitted a witness named Watrous, who had been a deputy prosecuting attorney during the year 1916, to testify that he had participated in a raid made upon the house in which appellant roomed at the time, and had there found a suitcase and a grip containing forty pints of whiskey, and that later on appellant asked witness what he had done with his suit case. The raid occurred about December 1, 1916, and the testimony tended to show the sale of liquor to have been made some time after the first of January, 1917. This action of the court is also assigned as error.

The court refused to permit witnesses to testify that they had bought whisky illegally from Limberg. No attempt was made to show that it was Limberg, and not appellant, who made the sales in question, and the court also refused to permit a witness named Richmond to testify that he had overheard a conversation between appellant and Whybark, in which Whybark asked appellant to get him some whiskey, and that appellant had later asked witness if he (the witness) knew where any liquor could be obtained. It is also insisted that the evidence is insuffi-

cient to sustain the conviction, and that error was committed in the giving of instructions.

(1-2) The proof of the sale to Limberg was not incompetent. The State was not required to allege the name of the person to whom the sale was made. Each separate sale constitutes a separate offense, yet the State may, if it so elects, offer proof of more than one sale to secure a single conviction. The effect of such action is, of course, to bar a subsequent prosecution for the making of any of the sales offered in proof upon which the State relied to secure a conviction.

(3) The court properly excluded the opinion of witnesses touching the veracity of Limberg based upon their own knowledge. There must be some uniform standard with which compliance must be had to permit witnesses to express an opinion concerning another witness' veracity, and that standard is the general reputation of the witness sought to be impeached. If witnesses were permitted to use their own personal knowledge as the basis of their opinion, this knowledge would become highly relevant, for otherwise the jury would not know how to value the evidence of the impeaching witness, and an indefinite number of collateral issues would become material. To avoid this confusion, the law requires that this opinion be based upon general reputation, and not the witness' own personal knowledge. Section 3138 of Kirby's Digest; *Cole* v. *State*, 59 Ark. 50.

(4) The evidence of the witness Watrous was admissible, although no attempt was made to show that the liquor found at the time of the raid was the liquor alleged to have been sold. Appellant's connection with that liquor is indicated by the question he asked in regard to the suitcase in which the liquor was found, and the quantity of the pint bottles indicated the purpose for which it had been put in the suitcase and grip, and the time of the raid was not so far removed from the day of the alleged sale that we can say that the testimony has no probative value in showing what appellant's business was at about that time. *Springer* v. *State*, 129 Ark. 107.

The witness Limberg admitted, upon his cross-examination, that he had made many sales of liquor illegally, although he denied that he was a wholesale dealer in the illegal sale of liquor. Proof of a few specific sales could have added nothing to the record of crime to which the witness confessed. Moreover, the impeaching evidence should have related to general reputation, and not to specific instances of bad conduct. *St. Louis, I. M. & S. Ry. Co.* v. *Stroud*, 67 Ark. 115. Proof of the inquiry made by appellant to Richmond as to where liquor might be procured would have been mere self-serving declarations, and are incompetent as such.

Over appellant's objection, the court charged the jury as follows:

"7. I charge you further that if the prosecuting witness, Whybark, was the man for whom he bought the whiskey, and further find that the defendant acted for both the seller and the buyer, and was the intermediary through which the sale was made, and said sale would not have been made except for the aid that the defendant rendered in the transaction, then in this event you should convict the defendant."

But the court also gave the following charge:

"8. I charge you further, that if you find the defendant in this case purchased liquor from some third party for Whybark, solely as a matter of accommodation to Whybark, and that this was a *bona fide* transaction, and not a subterfuge on the part of the defendant to evade the liquor laws, and you further find that the defendant did not furnish the liquor in controversy himself, and did not sell it, or was not interested in the sale of it, then in this event you should acquit the defendant."

The court also told the jury that the instructions were to be considered as a whole, and that the instructions, as a whole, declared the law of the case.

These instructions correctly declare the law as announced by us in the recent case of *Williams* v. *State*, 129 Ark. 348, and cases there cited.

There can be no question of the sufficiency of the evidence if the witnesses on behalf of the prosecution are to be believed. But this question of veracity is one solely for the jury, and we can only say that this evidence is legally sufficient to support the verdict if accepted by the jury.

Other questions are discussed in the brief, but we do not regard them as of sufficient importance to discuss here.

Finding no prejudicial error, the judgment is affirmed.