Pate *v.* State.

Opinion delivered March 27, 1922.

1. Jury—summoning bystanders—exhaustion of panel.—Under Crawford & Moses' Dig., § 3145, providing that "when the panel is exhausted the court shall order the sheriff to summon bystanders to at least twice the number necessary to complete the jury," it was not error to refuse to delay the trial until the members of the regular panel engaged in the trial of another case were available, as the panel was exhausted when all the jurors available for duty had been called and examined without completing the jury.

2. Jury—who are "bystanders."—Crawford & Moses' Dig., § 3145, requiring the sheriff to summon "bystanders" to complete the jury, does not necessarily require the summoning of persons then present in the court room, and the sheriff may select electors possessing the qualifications of jurors from the body of the county.

3. Jury—presumption when selection made by sheriff.—While the court, for sufficient cause, may designate some person other than the sheriff to summon bystanders as jurors, under Crawford & Moses' Dig., § 3147, in the absence of any showing of cause, the presumption will be indulged that the sheriff has no purpose in summoning special jurors, except to aid in administering the law.

4. Jury—right of defendant to demand service.—One charged with the commission of crime has no right to demand the serving of any particular person as a juror.

5. Criminal law—demonstrative evidence.—It was not error in a murder case to permit the introduction in evidence of the garments worn by the deceased at the time she was shot to show the location of the wounds, though the garments had been washed since deceased wore them.

6. Criminal law—abstract instruction.—It was not error to refuse an instruction which was not based upon testimony.

7. CRIMINAL LAW—STATEMENTS BY ACCUSED AS EVIDENCE.—Where defendant made certain identical statements both before and after the administration of opiate, it was not error to refuse to instruct the jury not to consider any of such statements if some of them were made after the administration of the drugs.

8. CRIMINAL LAW—INSTRUCTIONS AS TO REASONABLE DOUBT.—Where the court had given the usual instruction as to reasonable doubt, it was not error to refuse to charge further "that it was also the law that if there was any reasonable view of the evidence that could be adopted, it is the duty of the jury to adopt that view and acquit the defendant."

9. CRIMINAL LAW—EXPERTS—HYPOTHETICAL QUESTIONS.—Hypothetical questions addressed to experts must contain all the undisputed facts and may embrace any other fact which the testimony tends to establish.

10. CRIMINAL LAW—HYPOTHETICAL QUESTIONS.—It was error to refuse to permit expert witnesses to answer hypothetical questions which embraced substantially all the material undisputed facts.

11. CRIMINAL LAW—EXAMINATION OF EXPERT.—On cross-examination of an expert who has answered a hypothetical question, opposing counsel may take the expert's opinion on the hypothetical question, stripped of any disputed facts, or he may take it upon the hypothetical question with disputed facts added to it.

12. CRIMINAL LAW—HYPOTHETICAL QUESTION.—In a murder trial, a hypothetical question to experts called to express their opinions as to accused's sanity at the time of the killing, to which only general objection was made, *held* not fatally defective in not reciting accused's remark, made upon his arrival at his mother-in-law's home where the killing occurred, about having heard the family were sick, so that the trial court's refusal to permit the experts to express an opinion as to accused's sanity based on it was reversible error.

Appeal from Miller Circuit Court, *George R. Haynie,* Judge; reversed.

*Will Steel* and *Pratt P. Bacon,* for appellant.

The regular panel of petit jurors having been exhausted, the completion of the jury should have been selected from the bystanders; bystanders, meaning those present in the court room. C. & M. Digest, § 6378.

The hypothetical question embraced all the facts in evidence, and the court erred in sustaining an objection to it. 120 Ark. 530; 126 Ark. 455; 146 Ark. 509.

If the defendant made certain statements while under the influence of opiates, the jury should not have been allowed to consider them, and the court should have so instructed the jury. 1 R. C. L. 487; 204 Ill. 208; 68 N. E. 505; 98 A. S. R. 206; 66 L. R. A. 304; 216 Mo. 378; 115 S. W. 998; 20 L. R. A. (N. S.) 1142.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Where there is a conflict between the record entry and the bill of exceptions, the record entry must prevail. 1 Ark. 349; 9 Ark. 133; 17 Ark. 332; 24 Ark. 499; 83 Ark. 517; 108 Ark. 191.

In summoning jurors, the sheriff is not restricted to the bystanders—those present in the court room—but may summon any elector from the body of the county. 29 Ark. 22; 35 Ark. 639.

There was no error in permitting the clothing worn by deceased at the time she was killed, to be exhibited to the jury. Ency. of Ev. vol. 6, pp. 607-608. It must be properly identified. 128 Ala. 17; 29 So. 569.

The hypothetical question propounded assumed certain facts which were not in proof, and the court was right in refusing it. It did not present the whole case. Ency. of Ev. vol. 5, p. 626; 71 Mich. 158; 39 N. W. 28.

SMITH, J. Appellant was tried under an indictment which charged him with the crime of murder in the first degree, alleged to have been committed by shooting Bessie Pate, his wife. He was convicted of murder in the second degree and given a sentence of twenty-one years in the penitentiary, and has appealed.

The first assignment of error is that the court erred in refusing to quash a special venire ordered at his trial. It appears that the jury was divided into two panels, and when appellant's case was called one of these panels was exhausted without making the jury. The other panel was at the time engaged in considering a case which had been submitted to it. Appellant demanded that his trial be stayed until this second panel had been discharged and was available in his case. The court overruled this

motion and ordered the sheriff to summon as veniremen twice the number then needed to complete the jury.

No error was committed in this ruling. This exact question was raised in the case of *Johnson* v. *State,* 97 Ark. 131, and it was there held that the trial court committed no error in refusing to delay the trial until the members of the regular panel engaged in the trial of another case were available. If it were otherwise, intolerable delays would result in the administration of justice. Within the meaning of § 3145, C. & M. Digest, the panel was exhausted when all the jurors available for duty had been called and examined without completing the jury.

It is next insisted that error was committed by the court in failing and refusing to direct the sheriff to summon as bystanders persons then present in the court room as spectators, it being insisted that § 3145, C. & M. Digest, requires that such persons be first called. This section does require the sheriff to summon bystanders, and further provides that, if the jury shall not be completed out of the jurors so summoned, bystanders shall again be summoned to twice the number necessary to complete the jury, and that this mode shall be continued until the jury is completed. But we think counsel give the word "bystanders" a meaning too restricted. If they are correct in the interpretation given the statute, the administration of the law might be hampered, if not defeated, by the exhaustion of the spectators attending court without completing the jury.

The statute cannot be given any such narrow meaning. By bystanders is meant electors possessing the qualifications of jurors, and in their selection the body of the county is open and available to the sheriff. *Rogers* v. *State,* 133 Ark. 85; *Gay Oil Co.* v. *Akins,* 100 Ark. 552.

The court may, for specific cause, designate some person other than the sheriff to summon jurors. Section 3147, C. & M. Digest. But, unless this showing is made, the presumption must be indulged that the sheriff has no purpose in summoning special jurors except to aid in administering the law. Of course, the jurors thus

summoned are subject to examination by both the State and the defendant, and the qualification of each is passed upon by the court.

We have many times held that one charged with the commission of crime has no right to demand the service of any particular person as a juror. *McCain* v. *State,* 132 Ark. 497.

We think it certain there was no legislative intent to restrict the sheriff, in summoning special jurors, to persons who were already on hand.

Objection was made, and an exception saved, to the action of the court in permitting the introduction in evidence of the garments worn by the deceased at the time she was shot, it being admitted that the garments had been washed since deceased had worn them. No error was committed in this respect. Washing did not change the character of the garments, and they were admissible to show the location of the wounds.

Error is assigned in the refusal of the court to give instructions numbered 9 and 10 requested by appellant. Instruction numbered 9 declared the law to be that, if appellant went to deceased to effect a reconciliation, and, while thus engaged, was aroused to great passion, either of anger, fear or terror, and that such passion was caused by a provocation apparently sufficient to make it irresistible, appellant could not be convicted of any higher degree of homicide than manslaughter. No error was committed in refusing this instruction, as there was no testimony upon which to base it. According to appellant's version of the shooting, he accidentally shot his wife while temporarily insane, and it was not error to refuse to further complicate the issues by submitting still another defense which there was no substantial evidence to support. Instruction numbered 10 was to the same effect, substantially, and for the reasons just stated it was not error to refuse it. It may be said, in this connection, that the instructions given fairly and fully submitted the issues raised by the testimony.

After killing his wife, appellant twice shot himself, and the physician who attended him administered certain opiates. There was testimony that appellant made statements about the shooting both before and after the administration of the opiates, and that the statements were substantially identical. An instruction numbered 15, requested by appellant, dealt with the weight to be given the statements of appellant thus made, and an exception was saved to the action of the court in refusing to give the instruction. This instruction was properly refused, as it was a charge upon the weight of testimony. Moreover, the testimony on the part of the State tended to show that the damaging statements in question were made by appellant both before and after the administration of the opiates; yet the instruction as requested would have required the exclusion of the statements from the consideration of the jury if the finding was made that appellant was under the influence of opiates when any of them were made, if some of the statements were made after the administration of the drugs, although they were identical with those made before.

In the concluding argument, one of appellant's counsel stated that, in addition to what the court had said in regard to the existence of a reasonable doubt (and the court had given the usual instructions on that subject), "that it was also the law that, if there was any reasonable view of the evidence that could be adopted, it is the duty of the jury to adopt that view and acquit the defendant."

The court refused to so charge the jury and stated that such was not the law, and an exception was saved to that action.

No error was committed in this ruling. It is not a part of the jury's duty to approach the consideration of a case with the purpose of acquitting the accused if any reasonable view of the testimony will permit that action. Upon the contrary, the jury should analyze the testimony under the rules given by the court to aid them in the discharge of that duty with the sole purpose of

ascertaining the truth in regard to the matters of fact in issue. The jury should determine what witnesses they will believe, and what effect they will give to the testimony which they credit, and this should be done with the sole purpose of ascertaining the truth, whatever it may be, and when this has been done, and not before, the question of reasonable doubt arises. If there then exists a reasonable doubt of the guilt of the accused, the jury should acquit, and the instructions given told the jury to acquit if there was any reasonable doubt of appellant's guilt. *Dempsey* v. *State,* 83 Ark. 81; *Starnes* v. *State,* 128 Ark. 302; *Lackey* v. *State,* 67 Ark. 416; 4 Wigmore on Evidence, § 2497; Underhill on Criminal Evidence (2nd Ed.) § 12.

One of the attorneys for appellant was also the attorney for the appellant in the case of *Barker* v. *State,* 135 Ark. 404, in which case he asked an instruction on the subject of reasonable doubt in which he employed substantially the same language as that set out above. The trial court struck out that part of the instruction and that action was assigned as error, but we refused to reverse the judgment because the court had, in the instructions given, told the jury to acquit the defendant if they entertained a reasonable doubt of his guilt. As has been said, the instructions which were given fully and properly defined the duty of the jury in this respect.

The most difficult question in the case relates to the action of the court in refusing to permit two expert witnesses to express the opinion that appellant was insane, which opinion would have been based upon an hypothetical question submitted to them. This question covers four pages of the transcript, and as soon as it was stated objection was made to it by the prosecuting attorney, and that objection was sustained by the court. The record shows that when the objection was made, counsel for appellant was under the apprehension that the objection to the question was that it included hypotheses which there was no testimony to support, as shown by the following statement then made by him:

Counsel for appellant said: "I think he (prosecuting attorney) ought to state the grounds of his opjection, if your honor please." The court remarked that it was unnecessary to state the grounds, as he had heard the question. Thereupon counsel for appellant said: "If your honor please, I tried to cover, as I understand, the facts as there detailed by the witnesses for the defendant in this case, by the defendant himself. I do not think that I have put in that question any fact or circumstance that there is not some positive testimony on * * * *."

The objection to the question was sustained without the ground therefor having been stated.

This ruling of the court is now defended by the Attorney General upon the ground that the question assumed certain facts which were not in testimony, and answers based on the question would not therefore have been responsive to the testimony.

We have carefully considered this question, and we find no fact there included which is without testimony to support it—much of it being that of appellant alone—and no fact is pointed out to us as being without testimony upon which to predicate it.

In our consultation we have considered whether the question was defective in that it did not include all the material undisputed testimony. We have frequently and recently considered the essentials of an hypothetical question upon which the opinions of witnesses who testified as experts may be taken, and the authorities need not be again reviewed. *Kelly* v. *State,* 146 Ark. 509; *Bell* v. *State,* 120 Ark. 530; *Williams* v. *Fulkes,* 103 Ark. 196; *Ford* v. *Ford,* 100 Ark. 518; *Taylor* v. *McClintock,* 87 Ark. 243.

The hypothetical question must contain all the undisputed facts, and, in addition, may embrace any fact which the testimony tends to establish. Opposing counsel may, on cross-examination, if he sees proper to do so, take the opinion of the expert on the hypothetical question, stripped of the recited facts which are disputed, or he may take it upon the hypothetical question with

disputed facts added to it, and the value of the witness' opinion is a question at last for the jury. *Kelly* v. *State, supra.*

After a careful examination of the record, we have found no undisputed fact omitted from the question, except the statement of appellant that, when he came to the home of his mother-in-law, where the killing occurred, and where his wife was then staying, he remarked to his mother-in-law that he had heard they were all sick, and he had come to see how they were. This was, of course, an important circumstance; but we think it was substantially covered by the facts recited in the question. It was there stated that, on Friday, the day before the killing, the defendant "was informed by Mrs. Miers that defendant's wife was sick and wanted to see him, and had sent for him to come to her. The defendant was very happy at this information, for he believed that his wife was about to return to him. He was very much elated, and immediately started to where she was. Defendant stated to Mr. Miers that he was very glad to get the message that his wife wanted to see him, for he was sure she was coming back to him. When defendant got to where his wife was, things were pleasant for about an hour. * * *"

It was, of course, the duty of appellant to ask a competent question; but in view of the general objection made to it we think it was not so fatally defective as to be inadmissible in that it did not recite appellant's remark made upon his arrival at his mother-in-law's home about having heard the family were all sick, and that it did in fact embrace substantially all the material undisputed testimony, and the court erred in refusing to permit the experts to express an opinion as to appellant's sanity based upon it.

For the error in excluding the answers of the experts to the hypothetical question, the judgment must be reversed and the cause remanded.