## BLEVINS *v.* STATE.

### Opinion delivered March 22, 1926.

1. WITNESSES IN CIVIL CASES—IMPEACHMENT.—Under Crawford & Moses' Dig., § 4187, a witness in a civil case may be impeached by evidence that his general reputation for either truth or morality renders him unworthy of belief.
2. WITNESSES IN CRIMINAL CASES—IMPEACHMENT.—At common law a witness in a criminal case may be impeached by proving his general reputation for truth and veracity.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade*, Judge; affirmed.

*John B. Gulley* and *Fred A. Snodgress*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

McCULLOCH, C. J. Appellant was separately indicted for the three offenses of possessing a still, making

mash and manufacturing liquor, and by agreement all three of the cases were tried together, resulting in a conviction under each charge.

The officers testified that they found a still in full operation in the attic of the home of one Hallett, with whom appellant lived. They not only found the still in operation, but found a large amount of mash suitable for the distillation of alcoholic liquor, and also found a lot of whiskey. Appellant was found in the house at the time, and Hallett testified that he and appellant were jointly engaged in the operation of the still.

It is conceded that the evidence was sufficient to sustain the verdict in each case, and the only assignment of error relates to the ruling of the court in regard to the method of impeaching appellant as a witness. He testified in his own behalf, and on rebuttal the State introduced testimony to show that appellant's reputation for truth and veracity was bad. The State had the right, of course, to impeach appellant's credibility as a witness after he had voluntarily taken the stand in his own behalf (*Noyes* v. *State*, 161 Ark. 340), and this much is conceded by appellant. But it is contended that, instead of asking the witness concerning the general reputation of appellant for truth and veracity, the inquiry should have included his reputation for morality. Counsel rely upon the language of the statute (Crawford & Moses' Digest, § 4187) which provides that a witness may be impeached "by evidence that his general reputation for truth or morality renders him unworthy of belief." This statute, in its present form, is an amendment to a section of the Code which applied only in civil cases, but, even if we take the statute as controlling, it does not bear out appellant's contention, for the words "truth" and "morality" are used disjunctively, therefore testimony is admissible as to reputation either for truth or morality. The decisions of this court since the enactment of the Code, beginning with the case of *Hudspeth* v. *State*, 50 Ark. 534, seem to have all referred to this statute as being applicable in criminal cases, without expressly so deciding. Under

the common-law rules of evidence, the method of impeachment extended to reputation for truth and veracity, and that was the rule recognized by this court in the case of *Pleasant* v. *State,* 15 Ark. 624. The text writers on the subject of impeachment of witnesses in criminal cases state, as the proper formula, an inquiry as to the general reputation of the witness for truth and veracity. I Greenleaf on Evidence (15th ed.), § 461; I Wharton's Criminal Evidence (10th ed.), § 486. It is thus seen that, either under the application of the common-law rule or of our statute, there was no error in permitting the State to confine its inquiry to the general reputation of appellant for truth and veracity, without including the element of morality.

Judgment affirmed.