CLARK *v*. STATE.

Opinion delivered November 1, 1926.

1.  WITNESSES—IMPEACHMENT—GENERAL REPUTATION.—Under Craw-
    ford & Moses' Dig., § 4187, testimony as to the general reputation
    of a witness, either for truth or morality, is admissible to impeach
    him.

2.  WITNESSES—IMPEACHMENT—PROOF OF SPECIFIC OFFENSE.—Where
    a witness was asked if he knew the general reputation of another
    witness for truth and morality, his answer that, as far as the
    truth was concerned, witness knew nothing against him, but that
    he had been arrested for dealing in whiskey, his answer was
    properly excluded, as amounting only to proof of a specific offense
    of immorality.

3.  WITNESSES—TEST OF CREDIBILITY ON CROSS-EXAMINATION.—The
    credibility of a witness may be tested on his cross-examination by
    showing specific instances of immorality.

4.  CRIMINAL LAW—EXCLUSION OF TESTIMONY—HARMLESS ERROR.—
    The exclusion of testimony as to a witness' reputation for moral-

ity *held* not prejudicial error where it was merely cumulative of other testimony that witness' general reputation for morality was bad.

5. CRIMINAL LAW—DEMONSTRATIVE EVIDENCE.—In a prosecution for assault with intent to kill, permitting the State to introduce wearing apparel of the prosecuting witness at the time of assault, by placing same on the body of such witness to assist the jury in understanding the nature and character of the assault, *held* not error, though the assault was admitted, and the nature of the wounds explained by a physician.

6. CRIMINAL LAW—EXCLUSION OF TESTIMONY—PREJUDICE.—An assignment of error in a prosecution for assault with intent to kill for refusing permission to question a witness as to threats alleged to have been made by the prosecuting witness against defendant without showing what the answer would have been, shows no prejudicial error.

7. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Where, in a prosecution for assault with intent to kill, the court gave a correct instruction on self-defense, it was not error to refuse a requested instruction on the same subject, especially where it was not an accurate statement of the law.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*John B. Gulley* and *Arthur J. Jones,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. George W. Clark was indicted by the grand jury of Pulaski County for the crime of assault with intent to kill one Vernith Tucker. He was convicted of the crime of aggravated assault, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for six months. Judgment was pronounced in accordance with the verdict, from which this appeal is duly prosecuted.

1. Witness J. L. McKahn was introduced on behalf of the State, and he gave testimony which the appellant deemed material and prejudicial to the appellant. The appellant sought to impeach the testimony by E. H. Hendricks. Appellant's counsel asked Hendricks the following question: "Do you know his general reputation for morality?" Objection was made by the State, and the court remarked, "This is not a morality case."

Appellant saved his exceptions to the remarks of the court. Counsel then asked, "Do you know his general reputation for truth and morality?" and witness answered, "Yes," and stated, "As far as the truth is concerned, I never knew anything against him. We have arrested him for dealing in whiskey. Q. His reputation for morality is bad? A. In that line—yes." The State moved to exclude the testimony of the witness as to the morality of McKahn. The court sustained the motion, to which ruling the appellant excepted.

On cross-examination the witness stated that he had no reason to doubt McKahn where his oath was concerned; that all he knew was that he had arrested McKahn on a whiskey charge.

In the recent case of *Blevins* v. *State,* 170 Ark. 765, 281 S. W. 17, we ruled that, under our statute, § 4187, C. & M. Digest, a witness may be impeached by evidence that his general reputation for truth or morality renders him unworthy of belief. Under this statute, testimony is admissible as to general reputation either for truth or morality. But an examination of the testimony shows that there was no prejudicial error to the appellant in the court's ruling, for the reason that the witness, in answer to questions, stated that he knew the general reputation of the witness McKahn for truth and morality, and that he knew nothing against his reputation for truth, and that he had no reason to doubt him where his oath was concerned. The witness further stated that McKahn's reputation for morality was bad, but all he knew about that was that he had arrested McKahn on a whiskey charge. Thus, the examination as to morality was narrowed to the specific offense of selling whiskey. A witness cannot be impeached by direct evidence showing that he had been guilty of specific acts of immorality. *Dean* v. *State,* 130 Ark. 322, 197 S. W. 684. Evidence introduced primarily for the purpose of impeachment must be confined to the general reputation of the witness for truth or morality. But the credibility of a witness, on cross-examination of such witness, may be tested by showing

specific instances of immorality. *Lockhart* v. *State,* 136 Ark. 473, 207 S. W. 55. Moreover, the ruling of the court was not prejudicial, because other witnesses had testified that McKahn's general reputation for morality was bad, and the testimony therefore of witness Hendricks would have been but cumulative.

2. The appellant complains of the ruling of the court in permitting the State to introduce the shirt, over-coat and other articles of wearing apparel worn by Vernith Tucker, the prosecuting witness, at the time of the alleged assault upon him by the appellant. In the case of *Pate* v. *State,* 152 Ark. 553-557, 239 S. W. 27, we ruled that the garments worn by the deceased at the time she was shot were admissible to show the location of the wounds. See also *Stepp* v. *State,* 170 Ark. 1061, 282 S. W. 684; *Hornsby* v. *State,* 163 Ark. 396, 260 S. W. 41, and cases there cited.

The exhibition of the clothing worn by the prosecuting witness on the night he is alleged to have been assaulted, by placing the same upon his body as it was at the time of the alleged assault, might have assisted the jury in more thoroughly understanding the nature and character of the assault, notwithstanding the assault was admitted by the appellant, and the nature of the wounds was explained by the physician who attended the prosecuting witness on the night he was assaulted.

3. The appellant assigns as error in his motion for a new trial the ruling of the court in refusing to allow the appellant to ask witness for the State, Mrs. Maude Clark, if McKahn had not made a statement that he would get even with the defendant, and if McKahn had not made threats against the defendant. The appellant does not show that the witness, if permitted to do so by the court, would have answered the above questions in the affirmative. The appellant therefore does not show any prejudicial error in this ruling of the court. See *Dixon* v. *State,* 162 Ark. 584-587, 258 S. W. 401.

4. The appellant prayed the court to instruct the jury as follows: "The court instructs you that, if you

find from the evidence that the prosecuting witness, Tucker, struck the defendant, and that the prosecuting witness at the time was attempting to do him injury, or, if it reasonably appeared to the defendant, viewed from his standpoint alone, by words or acts, that Tucker was making an unlawful attack upon him, then and in that event the defendant had a right to use whatever means was necessary to protect himself from serious bodily injury, and although it subsequently appeared that the defendant used more force than was actually necessary to protect himself from serious bodily injury.''

The court, on its own motion, gave the following instruction: ''If you believe from the evidence that the defendant, without any fault or negligence on his part, was 'himself assaulted by the prosecuting witness, Tucker, with such violence so as to make it appear to the defendant at the time, while he was acting without fault or carelessness on his part in coming to such a conclusion, that Tucker manifestly intended and endeavored to kill him or to do him some great bodily harm, and that the danger was imminent and impending, then, and in that case, you are instructed that the defendant was not bound to retreat, but had the right to stand his ground under such circumstances and to repel force, and, if need be, to kill his adversary to save his own life or prevent his receiving great bodily injury.''

The instruction given by the court fully covered the subject-matter of appellant's prayer for instruction. The court therefore did not err in refusing to grant appellant's prayer. Furthermore, the appellant's prayer was not an accurate statement of the law on his plea of self-defense, while the instruction given correctly declared the law on that subject.

There is no error, and the judgment is therefore affirmed.