ROSE *v.* STATE.

Opinion delivered January 28, 1929.

*J. C. Brookfield,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, C. J.   This appeal is prosecuted from a judgment of conviction for the statutory crime of selling intoxicating liquor.

The only ground relied upon for a reversal of the judgment is based on the ruling of the trial court with reference to summoning a special venire to try appellant before the regular panel of the jury was exhausted. When the case was called for trial, twelve of the regular panel had been selected to try a companion case to the present one.   The case in question was based on the same facts as was the case at bar.   The trial of that case was temporarily suspended to take up the present one.   The other regular panel of the jury had also been selected in part to try another case.   Five members of the regular panel had been selected in the case, and seven of them had been excused.   When the present case was called for trial, the court first called a special venire, and a part of the jury was selected from it.   Before the jury was completed, however, all of the seven of the regular panel which had not been selected in the other two cases referred to were examined by the court and excused for cause. Another special venire was summoned, from which the jury in the present case was completed. No objection was made to any of the special venire except that it was not regularly selected.

Appellant had no right to have a jury exclusively selected from the rest of the regular panel of jurors. Such a rule would impede the progress of the court in the

trial of cases and would result in unnecessary delay both in the trial of civil and criminal cases. Frequently such a rule would subordinate the business of the entire court to the demands of the defendant in a particular case, and we do not think such was the intention of the Legislature in passing our statute with reference to the selection of a special venire to try cases.

Upon the practice of impaneling a trial jury under our statute, this court is committed to the rule that the trial court should be possessed of a large measure of discretion in such matters, in order that the business of the court may be dispatched expeditiously, and this court will not interfere with its action where it is not in violation of some mandatory provision of the law, unless it is shown to operate to the prejudice of the party complaining. *Mabry* v. *State,* 50 Ark. 492, 8 S. W. 823; *Pate* v. *State,* 152 Ark. 553, 239 S. W. 27; and *Sullivan* v. *State,* 163 Ark. 11, 258 S. W. 643.

Appellant was not entitled to have any particular jury to try his case. It does not appear that he challenged any of the jurors for cause, nor does he make it appear that any of them were prejudiced against him. Hence, he was in no attitude to complain of the manner in which the jurors necessary to complete the full panel were selected, in the absence of any showing that the members of the special panel were prejudiced against him. *Johnson* v. *State,* 97 Ark. 131, 133 S. W. 596; and *Rogers* v. *State,* 133 Ark. 85, 201 S. W. 845. In this connection it may be stated that the presumption must always be, until the contrary is shown, that the trial court did not abuse its discretion in the manner of impaneling the jury. *Bennett* v. *State,* 161 Ark. 496, 257 S. W. 372.

In the application of the rule announced in the above cases, and others which might be cited, we are of the opinion that the trial court did not err in the manner of selecting the jury. As we have already seen, twelve members of the regular panel had been selected to try a case dependent upon the same facts as the present one.

This case had been temporarily suspended by the trial court, and no abuse of its discretion in so doing has been shown. Five members of the other panel of the jury were engaged in the trial of another case at the time the present case was called for trial. It is true that there were seven members of this panel present in the court-room, but these were all examined and excused for cause by the trial court before the jury was completed in the case at bar. While some of the special venire were examined before the members of the regular panel, this amounted to an irregularity merely. All the members of the regular panel not engaged in the trial of other cases were examined, and excused for cause by the trial court before the jury in the present case was completed. No abuse of discretion in excusing these members of the regular panel is shown; and we hold that no prejudice resulted to appellant from the action of the court in the premises. Therefore the judgment will be affirmed.