MAXWELL v. STATE.

4636                                232 S. W. 2d 982

Opinion delivered October 9, 1950.

*W. Harold Flowers* and *L. Clifford Davis*, for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. This is the second appeal from a death sentence for rape. We formerly reversed because insufficient time was given the accused to prepare his defense, but held that the evidence was sufficient to sustain the judgment. *Maxwell* v. *State,* 216 Ark. 393, 225 S. W. 2d 687.

On retrial the defendant moved for a change of venue, alleging local prejudice. Witnesses in support of the motion were not informed respecting all sections of the county, nor did they testify unequivocally that public hostility was such that a fair trial could not be procured; hence the Court properly denied the request.

It was conceded that for more than a quarter of a century no Negroes had been summoned for trial jury service, hence the exclusion had been systematic for racial reasons, and in derogation of the Fourteenth Amendment to the Federal Constitution.

When the jury panel was interrogated by the Judge at a time preceding the term at which Maxwell was tried, it was ascertained that some were disqualified, and the Court discharged all but thirteen. Direction had been given that a special list of not less than fifty be summoned, and a day before the trial began this list, containing 69 names, but including the thirteen brought forward from the old panel, was opened and by consent of counsel for the defendant and the Prosecuting Attorney it was given to the Sheriff, who promptly executed summonses. However, the defendant at all times protested that under the conceded facts that no Negro had been called to serve on a Hempstead County jury for more than twenty years it had been shown that discrimination on account of race had been habitually practiced, hence the old panel rem-

nant of thirteen should be discharged. Had this been done the jury would have been selected from the new names, with eight Negroes on the list.

The State contends, and not without attention-compelling force, that commingling of the original thirteen jurors with the panel containing Negroes gave to the defendant in principle the identical opportunity he was contending for: that is, the right to select twelve names from a list partially composed of members of his race. The answer is that we are dealing primarily with the Constitution as distinguished from a particular defendant. Perhaps in the instant case Maxwell's counsel could have shown sufficient individual disqualifications to procure the services of one or more of the Negroes on the trial jury. It is also possible that the result would have been the same—conviction and the death sentence. But there is no doubt that the local system of jury selection resulted in systematic exclusion of Negroes in violation of the Fourteenth Amendment, and that for the first time in many years colored electors were summoned when the special list was given the Sheriff. *Bone* v. *State,* 198 Ark. 519, 129 S. W. 2d 240. See *Washington* v. *State,* 213 Ark. 218, 210 S. W. 2d 307, for a discussion of disproportionate numbers in dealing with white and Negro persons called for jury service.

Our own cases, and decisions by the Supreme Court of the United States, are too clear for misunderstanding.

Appellant's counsel urge that because of a diversity of views expressed by members of the Supreme Court of the United States, we should hold that a prosecution by information is unconstitutional. See the dissenting opinions of Mr. Justice BLACK and Mr. Justice MURPHY in *Adamson* v. *California,* 332 U. S. 46, 67 S. Ct. 1672, 91 L. Ed. 1903, 171 A. L. R. 1223, where it is suggested that the Bill of Rights should be extended by judicial construction to bind the States. This would include the Fifth Amendment, excusing an accused from trial on charges involving a capital or otherwise infamous crime unless on presentment or indictment by a Grand Jury. Maxwell was proceeded against by information — a

694

process heretofore held sufficient by the U. S. Supreme Court. Our holdings have been consonant with these views, and must be adhered to.

Appellant further contends that he was discriminated against within the meaning of the Fourteenth Amendment because there were no Negroes on the Jury Commission. We know of no rule making this requirement and the suggestion must be rejected.

As in the former appeal, proof was sufficient to sustain the verdict. The defendant did not testify, nor did his counsel cross-examine any of the State's witnesses; neither were the jurors questioned in any manner by the defendant, or challenged except as heretofore stated. Ordinarily the principle emphasized by Chief Justice HART in *Rose* v. *State,* 178 Ark. 980, 13 S. W. 2d 25, would apply; but here the vice goes deeper and involves a fundamental right the defendant was denied. He was entitled to favorable action on the motion to quash the old panel, hence a new trial will be necessary. Reversed, with directions to proceed in a manner not inconsistent with this opinion.

McFADDIN, J., not participating.