MAXWELL *v.* STATE.

4662                                             243 S. W. 2d 377

Opinion delivered November 12, 1951.

*Ike Murry,* Attorney General, and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. This is the third appeal from a conviction of the appellant for the crime of

rape. In each instance the jury assessed the death penalty. On the first appeal we held the evidence sufficient to sustain the judgment, but reversed because insufficient time was given appellant to prepare his defense. *Maxwell* v. *State*, 216 Ark. 393, 225 S. W. 2d 687.

On the second appeal we again held the evidence sufficient to support the verdict and judgment, but reversed on account of the trial court's denial of appellant's motion to quash the jury panel. *Maxwell* v. *State*, 217 Ark. 691, 232 S. W. 2d 982.

No brief has been filed on behalf of appellant in the present appeal, but the Attorney General has fully briefed the case and furnished us with a thorough abstract of the record. The transcript contains a formal order overruling appellant's motion for new trial, but no such motion appears in the record. Upon suggestion of a diminution of the record by the State, *certiorari* was issued to the Circuit Court Clerk who certified that no motion for a new trial was filed on behalf of appellant and that the record is silent with respect to any action thereon.

We have carefully examined the record which reflects that appellant made no objection to any of the testimony introduced by the State and offered none in his own behalf. Appellant requested no instructions and did not object to any of the instructions given which fully covered presumption of innocence, reasonable doubt and appellant's right to refrain from testifying or offering testimony in his behalf without prejudice.

At the instant trial appellant renewed his motion to quash the information on the ground that his constitutional rights were violated in that he was charged by information instead of indictment by a grand jury. We rejected this contention on the second appeal and adhere to that holding. We have repeatedly held such procedure constitutional, as has the United States Supreme Court. *Washington* v. *State*, 213 Ark. 218, 210 S. W. 2d 307; *Adamson* v. *California*, 332 U. S. 46, 67 S. Ct. 1672, 91 L. Ed. 1903.

It is unnecessary to detail the evidence which is set out in the opinion on the first appeal and is the same as that adduced here, with one exception. At the first trial appellant testified that he was persuaded by the prosecuting witness to indulge in the admitted sexual act, while he did not testify at the instant trial. We again hold the evidence ample to sustain the verdict and judgment.

The record is free of reversible error and the judgment is affirmed.

McFADDIN, J., not participating.