## HILL v. STATE.

### Opinion delivered June 6, 1927.

1. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of selling intoxicating liquors.

2. WITNESSES—IMPEACHMENT OF DEFENDANT AS WITNESS.—In a prosecution for selling intoxicating liquor, it was not error to permit the State to prove by cross-examining defendant that he had been convicted of illegally manufacturing intoxicating liquor, where he was permitted to say that he was innocent, and the jury was instructed that such cross-examination only went to defendant's credibility as a witness.

3. CRIMINAL LAW—UNSUPPORTED ASSIGNMENT OF ERROR.—On appeal from a conviction of selling liquor, an assignment of error that the indictment was for the same offense as was charged in another indictment against defendant in the same court, will not be considered on appeal, if the record does not show that such assignment was true.

Appeal from Clark Circuit Court; *James H. McCollum*, Judge; affirmed.

*P. L. Smith,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, C. J. Jesse Hill prosecutes this appeal to reverse a judgment of conviction against him for selling intoxicating liquors in violation of our statute.

Two witnesses testified for the State. According to the testimony of one of them, he gave the defendant $15 for a gallon and one-half of whiskey, called "old white mule," in Clark County, Arkansas, in July, 1926. Another witness for the State testified that, in 1926, he bought a quart of intoxicating liquor from the defendant at his home in Clark County, Arkansas, and gave him two dollars for it. It is true that the defendant adduced evidence at the trial tending to show that he did not sell any intoxicating liquor at any time or place, but the jury was the judge of the credibility of the witnesses, and the evidence for the State, if believed by the jury, was legally sufficient to warrant the jury in returning a verdict of guilty. *Corley* v. *State,* 162 Ark. 178, 257 S. W. 750.

The next assignment of error is that the court erred in allowing the State to ask and prove by the defendant, on his cross-examination, that he had been convicted of illegally manufacturing intoxicating liquors. The defendant was permitted to say that, although convicted, he was innocent; and the court told the jury that his cross-examination in this respect could only be considered by them as affecting the credibility of the defendant as a witness. There was no error in the action and ruling of the court. *Canada* v. *State,* 169 Ark. 221, 275 S. W. 327.

The next assignment of error is that the court erred in overruling defendant's motion to quash the indictment. The motion alleges that the indictment in the case at bar was for the same offense as charged in another indictment against the defendant in the same court. The

record does not contain anything to show whether or not this is true, and, in the absence of such showing, we cannot consider this assignment of error. If a judgment could be reversed upon mere allegations of error in motions made, without proof to sustain them in the record, no judgmênt could escape reversal if the defendant or his counsel had ingenuity enough to prepare and file motions the allegations of which, if true, would be grounds for reversal.

We find no reversible error in the record, and the judgment will therefore bè affirmed.