BANKS *v.* STATE.

Crim. 3842

Opinion delivered October 9, 1933.

*W. R. Morrow* and *H. B. Stubblefield,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

JOHNSON, C. J. On February 14, 1933, appellant was indicted by the grand jury of Pulaski County for the crime of murder in the first degree for the killing of Mark Goodson. Thereafter he was duly placed upon trial in the circuit court and was found guilty by a jury, and the court pronounced a sentence of electrocution against him. This appeal is prosecuted to reverse that judgment.

The first alleged error is that the trial court erred, to the prejudice of the appellant, by the admission of incompetent testimony. This alleged error is predicated upon the testimony of Mrs. Ethel Jerome May. To fully comprehend this alleged error, it is necessary to make a concise statement of the facts as given by this witness, which is as follows:

Mrs. May testified that on the third day of February, 1933, she, in company with Mark Goodson, was in the woods about a quarter of a mile off the pavement on Park Hill, in Pulaski County; that they were seated upon a lap robe spread upon the ground; that after they had been seated about five or ten minutes, and at about 5:30

P. M., appellant approached the place where they were seated carrying a double-barreled shotgun. That appellant ordered them to accompany him, and, as they arose, he shot the gun between them and some of the shot hit her in the leg. Appellant then marched them through the woods for about a mile, then ordered Mr. Goodson to remove his clothing. After Mr. Goodson had removed all of his clothing, including his trousers, and had given them to appellant, appellant then told him to hold up his hands, and, while in this position, appellant fired two shots through the body of Mr. Goodson at a distance of about ten feet. Appellant then demanded that witness accompany him, and said that he was not going to hurt her. He took her down the hill about fifty yards and ordered her to lie down upon the ground. When she refused, he attacked her with a small pocket knife and forced her to have sexual intercourse with him. When witness kept screaming, appellant ordered her to hush and then stabbed her about 18 times with a small pocket knife. Appellant then struck her over the head and she lost consciousness.

It is earnestly insisted on behalf of appellant that the trial court erred in permitting the witness, Mrs. May, to testify that appellant forced her to have sexual intercourse with him, because, it is said, appellant was not on trial for the crime of rape. The general rule is that admissions of testimony showing the commission of other crimes having no relation to the crime charged is error, but this general rule has no application to the facts of this case. It is always entirely proper for the State to show, if it can, motive for the commission of the crime, and the evidence of Mrs. May, in reference to appellant forcing her to have sexual intercourse with him was entirely proper for this purpose. We understand the rule to be that the fact that evidence introduced to prove the motive of the crime for which the accused is on trial points him out as guilty of an independent and totally dissimilar offense is not sufficient grounds upon which to reject the testimony. Section 154, Underhill on Criminal Evidence, 3d ed.

In the case of *Marsh v. State,* 183 Ark. 1, 34 S. W. (2d) 767, it was insisted that the trial court erred in permitting the State to show that appellant Marsh was operating a still, which was an independent crime, but this court disposed of the contention by saying. ''In prosecution for murder, evidence that defendant operated a still was admissible where it tended to show a motive for shooting the deceased.''

Moreover, the testimony of Mrs. May was competent for another reason, that is to say, if several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense, which is itself a detail of the whole criminal scheme. Thus, where two or more persons are assaulted at or about the same time and place, it will be permitted to prove all the assaults on the trial of one indictment for any one of them. For the reason that all the assaults are merely parts of one transaction and to prove one necessitates proof of all of them. Section 152, Underhill on Criminal Evidence, 3d ed.

It is insisted on behalf of appellant that the views herein expressed are in conflict with *Williams v. State,* 183 Ark. 870, 39 S. W. (2d) 295. The instant case is clearly distinguishable from that. In the Williams case just cited, the State was permitted to show that before appellant came to Little Rock he had been confined in the penitentiary in Oklahoma; that he had come to Little Rock in a stolen car; that after reaching Little Rock he had robbed a drug store and was arrested and confined in jail therefor; that he escaped the jail, and in doing so stole the pistol with which he later killed the officer who attempted to arrest him while robbing a man named Chance. This court said: ''There is no connection between these various crimes and the killing of McDermott, and the only and the necessary effect of this testimony was to show the desperate character of appellant as a confirmed criminal.''

We adhere to the pronouncement in *Williams* v. *State,* cited *supra.* In the instant case, however, the murder of Goodson and the assault upon Mrs. May were a part of one and the same transaction. Since this is true, the testimony was competent and admissible.

It is next insisted on behalf of appellant that the trial court erred in permitting the prosecuting attorney to argue to the jury that appellant had ravished Mrs. May. Necessarily, this alleged error has been disposed of heretofore. Since it has been determined that the testimony of Mrs. May, in reference to being ravished by appellant, is found to be competent and admissible, it necessarily follows that the prosecuting attorney had a lawful right to argue it to the jury.

Again, it is insisted that the trial court erred in holding Charles Pumphrey a competent juror to serve on this case. This contention arose under the following circumstances: Charles Pumphrey admitted on examination as a prospective juror that he had served as a juror at a murder trial in the same court within 60 days last past. Services as a special juror within two years does not disqualify a juror to serve on the regular panel. This question was decided adversely to appellant's contention in the case of *Hampton* v. *State, ante* p. 869.

Lastly, it is insisted that the court erred in refusing to give to the jury appellant's requested instruction, No. 10. We have explored the transcript to determine the instructions, given and refused, and find that the requested instruction was fully covered by other instructions given in the case. Therefore it was not prejudicial error to refuse this instruction.

Other alleged errors are argued by appellant, but we deem them not of sufficient importance to discuss in this opinion.

No error appearing, the judgment is affirmed.