HARRIS *v.* STATE

5143                                        394 S. W. 2d 135

Opinion delivered October 4, 1965.

[Rehearing denied October 25, 1965.]

*Bon McCourtney & Associates,* By: *H. M. Ellis* for appellant.

*Bruce Bennett,* Atty. General, By: *Richard B. Adkisson,* Chief Asst. Atty. General, for appellee.

FRANK HOLT, Associate Justice. The bodies of Leonard Dever, his wife, and four of their children were found in the ruins of their home which was destroyed by fire on the night of December 20, 1963. Two other children escaped and made their way to the home of a neighbor. The appellant was subsequently convicted and sentenced to life imprisonment for the death of Leonard Dever. The appellant was then charged by information with the joint crimes of the murder of Mrs. Dever and her four children. A jury found him guilty of murder in the first degree and assessed his punishment at death in each of the five cases. Upon appeal we reversed and remanded each of the cases for a new trial because we deemed inadmissible and prejudicial the testimony of one of the surviving children and, also, the other upon proper objection being made. *Harris* v. *State,* 238 Ark. 780, 384 S. W. 2d 477. Upon a retrial a jury found the appellant guilty of the alleged crimes and fixed his punishment at death in each of the five cases. From these judgments appellant appeals.

For reversal the appellant first contends that count no. 1 of the information alleges two separate and distinct charges of first degree murder in the disjunctive and that the court erred in overruling a demurrer to that part of the information. Count no. 1 of the information alleged that the appellant "did unlawfully, wilfully and feloniously, with malice aforethought, kill and murder Mrs. Martha Dever while in the perpetration of or attempt to perpetrate the crime of robbery and/or arson." We think the court was correct in overruling appellant's demurrer. An indictment or information, except as provided in Ark. Stat. Ann. § 43-1010 (Repl. 1964) our joinder statute, must charge only one offense, however, if it could have been committed by different modes and means the indictment or information may allege the modes and means in the alternative. Ark. Stat. Ann. § 43-1009 (Repl. 1964). In the case of *Franklin* v. *State,* 153 Ark. 536, 240 S. W. 708, we said: "* * * Under our law murder is a single crime and must be so charged, but if committed in different modes or by different means it is permissible to allege the different modes or means in the alternative. * * * In other words, the same murder may be charged in the same indictment either by poisoning or by force in the alternative, the means or modes being inconsistent." See also Ark. Stat. Ann. § 41-2202 (Repl. 1964).

In the case at bar count no. 1 in the information charged appellant with only one offense, namely murder, while in the perpetration of or the attempt to perpetrate either robbery or arson or both. By this permissible pleading a defendant knows with certainty that he is charged with a single offense. And, further, upon acquittal or conviction a defendant has available to him the plea of double jeopardy in any future prosecution.

The appellant argues that the court erred in overruling his motion for a supplemental bill of particulars as to count no. 1 of the information. In counts 2, 3, 4 and 5 the State alleged that the defendant murdered the four children in the perpetration of arson. In his motion for a supplemental bill of particulars as to count no. 1

appellant asked that the State be required to state further "the means, methods, act or acts of the defendant whereby Martha Dever came to her death." Certainly count no. 1 of the information fully apprised the appellant of the information he sought by his supplemental bill of particulars. Furthermore, by his previous trial he was fully aware of the information he sought. Also, the record discloses the appellant was advised that the State elected to conduct the prosecution under the provisions of Ark. Stat. Ann. § 41-2205 (Repl. 1964).

The appellant contends that it was error for the court to refuse his motion to quash the regular and special jury panels on the ground that none of the members of said panels were qualified electors since they were not registered voters as required by our newly adopted Amendment 51, Arkansas Constitution. This contention has recently been decided adversely to appellant. Qualifications of jurors are prescribed by statute and not by the Constitution. *Coger v. City of Fayetteville*, 239 Ark. 688, 393 S. W. 2d 622. By the provisions of Act 126 of 1965, which was held by us to be valid legislation in the *Coger case*, these jurors were qualified and, therefore, the court correctly overruled appellant's motion to quash the jury panels.

The appellant also contends there is no substantial evidence to support the verdicts of the jury and the court erred in overruling his motions for directed verdicts. In determining the sufficiency of the evidence we must review it in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Clayton v. State*, 191 Ark. 1070, 89 S. W. 2d 732; *Higgins v. State*, 204 Ark. 233, 161 S. W. 2d 400; *Stockton v. State*, 239 Ark. 228, 388 S. W. 2d 382.

About 10 P. M. on December 20, 1963 the home of Leonard Dever was observed as being on fire. Following the fire the bodies of Leonard and Martha Dever, his wife, and four of their children, Nelle, age 8, Joanne, age 5, Sharon, age 4, Janette, age 1, were found in the ruins. Two of the children, Ronald, age 9, and Mary, age 6,

escaped from the burning home and through zero weather walked approximately one and one-half miles to the house of a neighbor. An autopsy was performed on the charred bodies of Leonard and Martha Dever. An x-ray disclosed that there were leaden pellets in that portion of Leonard Dever's body from the neck down to the middle part of the stomach. An x-ray disclosed the presence of leaden pellets in the elbow portion of Mrs. Dever's right arm. The autopsy revealed that Mr. Dever died from gunshot wounds and that it was uncertain as to whether Mrs. Dever died from gunshot wounds or the fire. A partially burned single-barreled 20-gauge shotgun was found in the ruins of the fire on a couch near Dever's body. An expended 20-gauge shell was found in the barrel of the gun. One unburned and expended 20-gauge shell was found outside the house, as was Dever's cap and a trail of blood leading to the house. According to the evidence both shells had been fired from this gun.

Within a few hours after the fire and the discovery of the bodies, appellant was apprehended at his home. He appeared to be drunk and had a patch on a bleeding cut under his right eye. He related conflicting stories as to his activities that night. He said that he had been to Poinsett County to buy some whiskey from a Negro. He denied that he was acquainted with the Dever family and that he had any knowledge of the alleged crimes. Sometime later, however, he admitted that he knew the Devers and went to the Dever home the night of the fire to get some moonshine whiskey. He took his shotgun and seven shells with him and left the shotgun with Mr. Dever as payment for two gallons of whiskey. He admitted that he and Mr. Dever gambled and drank together and that the cut on his eye was the result of Mr. Dever hitting him when he [appellant] intervened in a dispute between Mr. Dever and his wife. According to him Dever shot his wife with appellant's gun. He left to escape from Mr. Dever's attack and observed the house afire. He returned and through a window saw Mrs. Dever's body and was unable to rescue the screaming children. He left

the scene in his car and abandoned it in a gravel pit off the road when the lights stopped functioning. He walked to the house of an acquaintance who took him home by an out-of-the-way road as he directed. A five-gallon can containing approximately one gallon of kerosene was found in the locked trunk of his car. There was blood on this can as well as the left front fender of his car and at the entrance of the left front door of his car. He stated that he told his wife that he had been gambling with Dever and that he gave the money to her. As he was being transported by the police from his home to the police station that night he threw his billfold out of the car window. It was found the next day containing approximately $30.00. The night appellant was taken into custody the officers returned to his home and found a partially burned Mackinaw coat in a stove in his garage. Appellant admitted he burned his coat. The coat had a strong odor of kerosene or fuel oil. Leonard Dever was known to carry large sums of money. He customarily carried two billfolds. One of his billfolds was found empty the day following the fire and was introduced into evidence. The defendant, by his own admission, knew that Dever had "a big roll" of money. Although appellant never admitted the alleged crimes, the evidence in this case is substantial and the court properly overruled appellant's motion for directed verdicts.

Appellant contends also that the trial court was in error in admitting certain photographs into evidence. Some of these pictures portrayed the condition of the surviving children on the night their home was burned. There was evidence that these children suffered from burns about their bodies and clothing which was reflected by these pictures. Other pictures portrayed the condition of the appellant on the night of the crime when he was apprehended and revealed the existence of a wound on his right cheek. Other pictures were of appellant's automobile found in the gravel pit. There was also a picture of the kerosene can found in the trunk of the car. Witnesses properly identified these pictures and testi-

fied that they fairly represented the objects protrayed. The admissibility and relevancy of photographs is largely discretionary with the trial judge and, further, photographs are admissible when they enable the witness to better describe and aid the jury to better understand the evidence. *Bailey* v. *State,* 227 Ark. 889, 302 S. W. 2d 796 and *Lee* v. *State,* 229 Ark. 354, 315 S. W. 2d 916. We find no abuse of the trial court's discretion in the admission of these photographs and we think they were an aid to the jury in understanding the evidence.

Appellant argues that certain exhibits were erroneously admitted into evidence. These questioned exhibits, properly identified, including Leonard Dever's billfold and cap; the pellets taken from the body of Leonard Dever; the five-gallon kerosene can with blood on it taken from appellant's car; and articles retrieved from the house, such as an alarm clock, a 25-caliber pistol, the burned 20-gauge shotgun containing the exploded 20-gauge shell and pellets taken from the stovepipe found in the ruins. The clock had stopped at 10 o'clock or about the time the fire was observed. Appellant also objected to the introduction into evidence of two 22 rifles and two 12-gauge shotguns found in a group in a corner of the front room. Other than the 20-gauge shotgun, none of these weapons contained any shells. We think all of these exhibits were relevant to the issues as alleged in the information.

Appellant urges that the trial court erred in giving an instruction relative to circumstantial evidence. We think the court correctly gave an instruction on this subject since much of the evidence was of that nature. *Corey* v. *State,* 232 Ark. 79, 334 S. W. 2d 648.

The appellant asserts that the testimony of two witnesses, Mr. Frierson and Mrs. Rowan, was improperly admitted. They testified that they were well acquainted with Leonard Dever and that he was in the habit of carrying large sums of money on his person. Their testimony was pertinent to the issues.

The appellant urges that the testimony of Mr. and Mrs. Grimes was irrelevant to the issues in the case. They testified that they observed the surviving Dever children when brought to a clinic immediately following the fire. According to them the clothes on the Dever children and parts of their bodies showed evidence of burns. Also there was an odor of kerosene or fuel oil about the children. Certainly this was relevant testimony.

The appellant further contends that it was error to permit the State to read into evidence the testimony of Mr. Wilcox given at the former trial of the appellant. The sheriff testified that this witnes was out of the jurisdiction of the court and was no longer employed by the Arkansas State Police. This evidence was admissible pursuant to Ark. Stat. Ann. § 28-713 (Repl. 1962). Also see *Mode* v. *State,* 234 Ark. 46, 350 S. W. 2d 675.

The appellant asserts that the court erred in admitting into evidence testimony of Dr. Matthews relating to a kerosene analysis and paraffin test made by him. The appellant objected generally on the grounds that it did not "tend to prove any of the charging part of the information" or "connect this defendant" with the alleged crimes. This evidence was relevant and pertinent to the issues. A can containing kerosene, as confirmed by chemical analysis, was found in appellant's car near the scene of the alleged crime. According to the paraffin test there was some evidence of particles of nitrates or gun powder on his left hand.

The four remaining points urged by appellant for reversal concern evidence relating to the death of Leonard Dever. Appellant argues that this evidence was inadmissible because he was not charged with the death of Mr. Dever in this trial. We do not agree. The rule of inadmissibility of other crimes has no application when other crimes are an inseparable part of the alleged crime. If crimes are mingled to such an extent that they form an indivisible criminal transaction and the full proof of any one of them cannot be presented without showing the others, then evidence of any or all of them is admis-

sible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme. *Banks* v. *State,* 187 Ark. 962, 63 S. W. 2d 518; *Perry & Coggins* v. *State,* 232 Ark. 959, 342 S. W. 2d 95; *Lauderdale* v. *State,* 233 Ark. 96, 343 S. W. 2d 422. In the case at bar the evidence cannot be restricted to the proof of the murder of Martha Dever and her four children. Without the jury knowing the details of the death of Leonard Dever and the condition of the surviving children it would be impossible for the jurors to have a comprehensive picture of the occurrences on that tragic evening.

After considering every objection made as we must do in capital cases, Ark. Stat. Ann. § 43-2723 (Repl. 1964) and *Hays* v. *State,* 230 Ark. 731, 324 S. W. 2d 520, and finding no errors, the judgments are affirmed.