Ivory THOMAS *v.* STATE of Arkansas

CR 80-265             615 S.W. 2d 361

Supreme Court of Arkansas
Opinion delivered May 26, 1981

*E. Alvin Schay,* State Appellate Defender, by: *Deborah A. Sallings,* Deputy State Appellate Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for appellee.

Steele Hays, Justice. Ivory Thomas appeals a conviction of aggravated robbery of the Lehi Liquor Store, resulting in a sentence of 45 years and a fine of $15,000. For reversal he argues that the trial court erred in admitting testimony from a prosecuting witness that she was raped by the appellant during the robbery. We believe the court was right.

Mrs. Alice Waites testified that appellant entered the liquor store where she and her husband were working. He handed Mrs. Waites a note demanding money while pointing a pistol toward her face. She gave him cash from the register and from a file cabinet. She said the appellant put her husband in the restroom and at gun point raped her in

the back of the store. She saw him drive away in a white automobile she thought to be a Thunderbird. She saw a CB antenna and the numbers 873 on the license. She was positive in her identification of the appellant. The testimony of other witnesses was that appellant was later apprehended en route to Memphis in a white Mercury, said to resemble a Thunderbird, with a CB antenna on the trunk and license number HMS873. Some $900 in cash and a pistol-type pellet gun were recovered which Mrs. Waites believed was the pistol used in the robbery.

Appellant urges that the court erred in permitting evidence of the rape. He argues that it is prejudicial, that the information made no mention of rape and that the elements or aggravated robbery can be proved without the necessity of producing evidence of the rape. The essential issue is: Can the State offer evidence of criminal conduct by an accused during the commission of a crime, when such conduct is not an element of the crime for which the accused is being tried? This same argument has been so often raised in various forms and so much discussed that the answer is no longer in doubt: all of the circumstances connected with a particular crime may be shown, even if those circumstances would constitute a separate crime.

An earlier case fundamentally indistinguishable is *Banks* v. *State,* 187 Ark. 962, 63 S.W. 2d 518 (1933). The appellant appealed a conviction of murder on the grounds that the court erred in permitting evidence that after the murder the accused sexually assaulted the victim's female companion. As here, the crime of murder could be said to be provable without the necessity of proving rape and the criminal conduct was neither simultaneous nor inseparable. The court held the evidence was admissible not only to prove motive but *as a circumstance of the over-all criminal transaction:*

> Moreover, the testimony of Mrs. May was competent *for another reason,* that is to say, if several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or

circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense, which is itself a detail of the whole criminal scheme. (Emphasis supplied.)

In *Butler* v. *State,* 261 Ark. 369, 549 S.W. 2d 65 (1977), appellants were convicted of the fatal shooting of a police officer and claimed error in the admission of evidence that appellants had escaped from the Monroe County jail on the morning of the crime, had stolen weapons from the jail and committed other criminal conduct. We rejected the argument because the "the entire sequence of events was such an inseparable whole that the State was entitled to prove the entire criminal episode." The opinion branded as fallacious appellants' attempt "to break down into separate steps the continuous course of criminal conduct that must be considered as a whole .... "

In *Polk* v. *State*, 252 Ark. 320, 478 S.W. 2d 738 (1972), the defendant appealed a conviction for the theft of an automobile from a service station following a robbery. He had previously been tried and acquitted of the robbery and he argued that it was error to admit the testimony of a customer that the defendant held up the station and put the attendant and the customer in a restroom, from which the customer could recognize the sound of his car being started and driven away. The court rejected defendant's argument: "We have often held that when acts are intermingled and contemporaneous with one another, then evidence of any or all of them is admissible against a defendant to show the circumstances surrounding the whole criminal episode." The opinion points out that if evidence of the robbery were excluded the jury would wonder why the two men were afraid to come out of the restroom, leaving a puzzling gap in the proof.

In *Harris* v. *State,* 239 Ark. 771, 394 S.W. 2d 135 (1965), the accused was convicted of the murder of Martha Dever and four children. He appealed his conviction assigning error to the trial court having admitted evidence that he had also killed Leonard Dever. The court stated:

The rule of inadmissibility of other crimes has no application when other crimes are an inseparable part of the alleged crime. If crimes are mingled to such an extent that they form an indivisible criminal transaction and the *full proof* of any one of them cannot be presented without showing the others, then evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme. (Emphasis supplied.)

Similar holdings are found in *Ingram* v. *State*, 255 Ark. 6, 498 S.W. 2d 862 (1973); *Butt* v. *State*, 81 Ark. 173, 98 S.W. 723 (1906); *Renfroe* v. *State*, 84 Ark. 16, 104 S.W. 542 (1907); and *Carter* v. *United States*, 549 F. 2d 77 (1977) wherein the Circuit Court of Appeals said that all of the circumstances of a particular crime are part of the "res gestae" of the crime.

Citing *Russell & Davis* v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977), appellant argues that if the other offense is not "inseparable from" the crime charged then it cannot be admitted, urging that armed robbery and rape are not inseparable. But that interpretation warps the usage intended by *Russell,* as both the holding and the dictum illustrate. True, the rape of Mrs. Waites can be separated from the robbery simply by ignoring it, but the same can be said of the *Russell* case, and we upheld the admission of evidence of theft of a truck, interference with a police officer, kidnapping, and a second aggravated robbery in the trial of a robbery charge. The other offenses were separable in the literal sense, but not without an incomplete account of the entire criminal episode. The holding in *Russell* reaffirms the view that *all of the circumstances* connected with a particular crime may be shown to put the jury in possession of the entire transaction.

It is said the evidence is prejudicial. Unquestionably that is so. But its admissibility cannot be defeated simply on that score, because the same is true in varying shades of all criminal conduct. It is only when the means by which that conduct is demonstrated to the jury are unduly prejudicial that the law draws the line, gory photographs being the obvious example. Here, the only evidence of the sexual

assault was the brief verbal account of the victim. Thus, the prejudice lies in the conduct not in the evidence.

It should not be left unsaid that this evidence was also admissible under Rule 404(b), Uniform Rules of Evidence, for identification of the accused. Appellant claims that the rape could not aid in establishing identity, but we disagree. The additional time involved, the nature of the incident, the increased opportunity to see and hear the perpetrator and, thus, to form lasting impressions, would certainly enhance the ability to identify that individual. The fact that appellant argued mistaken identity to the jury in the trial reenforces the view that it would be wise not to hold such evidence inadmissible as a matter of law and to leave it instead to the trial court's discretion, subject to a case-by-case consideration. *Moser* v. *State,* 266 Ark. 200, 583 S.W. 2d 15 (1979); *Young* v. *State, supra;* and *Russell & Davis* v. *State, supra.*

Affirmed.