William B. MORRISON and Denise MORRISON
*v.* FIREMEN'S INSURANCE CO. OF NEWARK,
NEW JERSEY

CA 81-269                                           631 S.W. 2d 310

Court of Appeals of Arkansas
Opinion delivered April 14, 1982

*Faulkner, Goza & Rollins,* by: *V. Benton Rollins,* for appellants.

*Laser, Sharp & Huckabay,* for appellee.

JAMES R. COOPER, Judge. Appellants were the owners of a residence in Camden, Arkansas, which residence was insured against various perils under a policy issued by appellee. Appellants filed a claim for damages allegedly caused by a hailstorm. Appellee denied the claim, and appellants filed suit, seeking to recover their damages, plus penalty and attorney's fees. The jury returned a verdict in favor of appellee, and appellants have appealed to this Court, alleging that the trial court erred in allowing the admission of certain photographs into evidence.

The photographs complained of were admitted during the testimony of a witness for appellee, an insurance adjuster. He testified that he had found no hail damage to appellants' roof, and he attempted to explain what he looked for when he tried to determine if a roof had been damaged by hail. Photographs of a similar roof were offered in evidence, and the witness testified that the pictures showed the type of damage he was testifying about.

The trial court ruled that the pictures were admissible. He instructed the jury that they were admissible only for the purpose of " . . . aiding you in understanding this witness' testimony as to his opinion and his explanation as to what he looked for in hail damage and what he found in this particular roof at Fort Smith and that this is the kind of thing that he views as hail damage, . . . " The trial court further instructed the jury that it should keep in mind that the pictures did not depict the appellants' roof, and that the conditions under which the damage occurred might be different.

Appellants argue that these photographs created a false impression in the mind of the jury, or that it could have created the impression that unless the appellants' roof resembled the roof in the pictures, it could not have been damaged by hail. They argue that the trial court erred in

allowing the photographs into evidence, since the appellee failed to show that the two roofs were similar and that the two hailstorms were similar.

Had the trial court admitted the photographs into evidence for the purpose of comparing the damage done to appellants' roof with that shown in the photographs, then we might very well agree with appellants. *See, Houston General Ins.* v. *Arkansas Louisiana Gas,* 267 Ark. 544, 592 S.W. 2d 445 (1980). However, that is not the question in this case. The trial court limited the purpose for which the jury could use the photographs, and, therefore, the issue before us is whether the trial court abused his discretion in admitting the photographs for the limited purpose of assisting the jury in understanding the adjuster's testimony.

Generally, all relevant evidence is admissible. Uniform Rules of Evidence, Rule 402, Ark. Stat. Ann. § 28-1001 (Repl. 1979). However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury. Uniform Rules of Evidence, Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979). An appellate court will not reverse a trial court's ruling on relevancy, unless it finds an abuse of discretion. *Hamblin* v. *State,* 268 Ark. 497, 597 S.W. 2d 589 (1980).

The photographs were explanatory or illustrative of relevant testimony in the case, so as to be of potential help to the jury in understanding the oral testimony of appellee's witness. Therefore, the trial court was correct in admitting the photographs for that limited purpose. *See,* 3 J. Wigmore, Evidence § 790-792 (Chadbourn rev. 1970).

Affirmed.

GLAZE, J., not participating.

MAYFIELD, C.J., concurs.