## Willie LINCOLN *v.* STATE of Arkansas

CA CR 82-155

646 S.W.2d 30

Court of Appeals of Arkansas
Opinion delivered February 16, 1983

*Ken Cook,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was convicted of burglary and attempted rape and sentenced to serve consecutive terms of 10 years imprisonment on each charge.

His only point on appeal is that the trial court erred in allowing a red bandana — or handkerchief — to be introduced into evidence. It is appellant's contention that there was no foundation for the introduction of the exhibit but that, even though there was no evidence to show it

belonged to appellant or was ever in his possession, the jury was left with a strong impression that he was in some way connected with it.

There was evidence that a man attacked a 17-year-old girl who was baby-sitting a 9-year-old boy. After the man left the room where they were, they attempted to leave the house and were again confronted by the man who was then wearing a red bandana over the lower portion of his face. During the boy's testimony he was shown a red bandana and asked if it "looks like the one the man had," and the boy said it did. Essentially the same evidence was given by the girl.

We think it proper for these witnesses to describe the attacker's appearance and how he was dressed. Even evidence of crimes other than the one charged have been allowed in order that the jury might know all the circumstances surrounding the commission of the crime charged. *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981). If the bandana shown the witnesses helped them to explain and the jury to understand what the attacker had over his face, then it would be proper to use the bandana for that purpose. *Morrison* v. *Firemen's Ins. Co.*, 4 Ark. App. 351, 631 S.W.2d 310 (1982). *McCormick on Evidence*, § 212 (2nd ed. 1972), states it this way:

> It is today increasingly common to encounter the offer of tangible items which are not contended themselves to have played any part in the history of the case, but which are instead tendered for the purpose of rendering other evidence more comprehensible to the trier of fact.

Upon request, the trial court would have been required to instruct the jury that the bandana was admitted for that limited purpose. Uniform Evidence Rule 105. However, no such request was made and "whether the admission of a particular exhibit will in fact be helpful, or will instead tend to confuse or mislead the trier, is a matter commonly viewed to be within the sound discretion of the trial court." *McCormick, supra*. We find no abuse of the trial court's discretion in this case.

We affirm.

GLAZE, J., concurs.